**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANK YOHAN MACHADO-ALVARADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-655 |
| LEONARD ODDO, *et al.*, | ) | Judge Stephanie L. Haines |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

On April 22, 2026, Petitioner Frank Yohan Machado-Alvarado ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus ("Habeas Petition"). ECF No. 4. He also filed a Supplement to the Habeas Petition on April 24, 2026. ECF No. 7. On April 30, 2026, Respondents filed their Response (ECF No. 10), to which Petitioner replied on May 13, 2026. ECF No. 12.

On May 19, 2026, the Court denied without prejudice Petitioner's first claim in his Habeas Petition due to Petitioner's "failure to exhaust available administrative remedies" within DHS and ordered Respondents to address Petitioner's remaining claim in a supplemental response. ECF No. 13. In this response, Respondents were to address the following four factors: the likely future duration of detention; the reasons for any delay in the immigration proceedings; whether Petitioner's prior bond hearing satisfies any process that may be due for prolonged detention; and whether continued detention has become unreasonably prolonged under the Fifth Amendment. *Id.* Petitioner was also allowed to file a reply to the Respondents' response within 10 days. *Id.*

On May 26, 2026, Respondents filed their supplemental response addressing Petitioner's remaining claim (ECF No. 14), and on June 4, 2026, Petitioner filed his supplemental reply (ECF No. 15). Subsequently, on July 10, 2026, Petitioner filed a Notice of Supplemental Authority (ECF

No. 16) concerning a recent decision in the Fifth Circuit, and that same day, Respondents replied in opposition (ECF No. 17).

Petitioner's Habeas Petition is now fully briefed and ripe for disposition. For the following reasons, Petitioner's Habeas Petition, ECF No. 4, will be **GRANTED IN PART** and **DENIED IN PART.**

## I. Facts[1]

Petitioner is a native and citizen of Venezuela who entered the United States through a CBP One facility in California on December 24, 2023. ECF No. 10-3, p. 1; ECF No. 4, p. 2. After being processed and served with a Notice to Appear, he was then released into the United States on parole, pending a hearing before an immigration judge on September 18, 2025. ECF No. 10-3, p. 1–2; ECF No. 10, p. 1; ECF No. 4, p. 2. During this release, Petitioner reported to ICE as required, applied for asylum, maintained a stable address, and obtained employment. ECF No. 4, p. 2–3; ECF No. 10-4, p. 1; ECF No. 15, p. 8.

On November 19, 2025, Petitioner was taken into immigration custody during a scheduled check-in. ECF No. 10, p. 1; ECF No. 10-3, p. 1. Then, after a hearing on the government's motion to pretermit,[2] "[o]n December 29, 2025, an immigration judge ordered [Petitioner] removed to Ecuador pursuant to an Asylum Cooperative Agreement." *Id.*; ECF No. 10-4, p. 3. Petitioner subsequently appealed the immigration judge's order, and as of the parties' last update to the Court, this appeal appears to still be pending. ECF No. 14, p. 1–2.

---

[1] The Court derives the following undisputed factual background from both Petitioner's and Respondents' submissions to the Court. *See* ECF Nos. 4; 7; 10; 12; 14; 15.

[2] "DHS may file a motion to pretermit an application for relief—including asylum, withholding of removal, or protection under the Convention Against Torture (CAT)—on the ground that it is defective as a matter of law.... If the IJ grants a motion to pretermit, the underlying application is denied with a full hearing." *Lino-Ramos v. Moniz*, Civil Action No. 25-10470-BEM, 2026 U.S. Dist. LEXIS 135957, at *5 (D. Mass. June 18, 2026) (internal citations removed).

On February 23, 2026, Petitioner filed his first habeas petition. *See* ECF No. 4, p. 17–44; *see also* No. 26-cv-311, ECF No. 1. Upon review of the parties' arguments, this Court determined that Petitioner was subject to detention under § 1226(a), granted relief, and ordered an individualized bond hearing, which Petitioner then received on March 9, 2026. *See* No. 26-cv-311, ECF No. 8. After the bond hearing, the Court was notified through a joint status update that bond was denied "on the grounds that Petitioner was a flight risk." *See* No. 26-cv-311, ECF No. 10. Petitioner then filed the Habeas Petition in this instant case. ECF No. 4.

## II. Discussion

In his supplemental reply, Petitioner contends that "every factor weighs in favor of finding [his] continued detention unreasonable." ECF No. 15, p. 1. In evaluation of these factors, Petitioner: (1) notes that the duration of his detention is "long and undefined"; (2) cites the fact that he has a good faith appeal pending before the BIA; and (3) explains that he and his counsel have not delayed his removal proceedings. *Id.* at 2–5. He also argues that, due to several factual discrepancies, his bond hearing on March 9, 2026, was not "constitutionally adequate to justify the many additional months of detention that have followed," and reiterates that the termination of his parole was unlawful. *Id.* at 5–6. As such, Petitioner requests that this Court "find [his] continued detention unconstitutionally prolonged under the Fifth Amendment and order [his] release from custody under reasonable conditions of supervision, together with any further relief this Court deems just and proper." *Id.* at 9.

In turn, Respondents maintain that the Habeas Petition should be denied. ECF No. 14, p. 1. Citing other courts in this Circuit, Respondents assert that the current length of Petitioner's detention does not warrant a bond hearing, that "his proceedings are moving along consistently[,]" that Petitioner's prior bond hearing satisfies the minimum requirements of the Due Process Clause,

and that "Petitioner's continued detention has not become unreasonably prolonged under the Fifth Amendment." *Id.* at 1–4.

**A. Petitioner is entitled to a new bond hearing due to prolonged detention.**

It is undisputed that Petitioner received a bond hearing under § 1226(a) on March 9, 2026, and that bond was denied "on the grounds that Petitioner was a flight risk." *See* No. 26-cv-311, ECF No. 10. Yet Petitioner has now been detained for nine months. *See* ECF No. 14, p. 1. Thus, while Petitioner's detention may have been permissible when bond was initially denied, the question now is whether continued detention without the Government ever bearing the burden to justify detention has become constitutionally unreasonable.

This Court has previously concluded that Third Circuit precedent does not categorically foreclose a second bond hearing in prolonged detention cases. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026); *see also Niangane v. Mullin*, No. 3:26-CV-00815, 2026 WL 2280905, at *2 (W.D. Pa. Aug. 7, 2026); *A.P.C. v. Oddo*, No. 3:26-CV-00131, 2026 WL 1998487 (W.D. Pa. July 10, 2026).[3] In *Fadel*, the Court applied the *German Santos* factors and concluded that continued detention had become unreasonable, requiring a second bond hearing at which the Government would bear the burden. *See Fadel,* 2026 WL 1649901, at *2–3. As such, the Court will apply the *German Santos*

---

[3] The Court acknowledges that other courts in this District have held that "the due process right at issue here—and the duration that must be considered in determining whether such right has been violated by prolonged detention—must instead be tethered to the length of time since a detainee previously received a bond hearing." *See Viantsko v. Lowe,* No. 4:26-CV-00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026); *see also Guillen v. Soto,* No. CV 26-3285, 2026 WL 1005326, at *3 (D.N.J. Apr. 14, 2026).

However, the Court disagrees with these courts' interpretations because receiving a bond hearing under § 1226(a) is fundamentally different from receiving a bond hearing under *German Santos. See A.P.C. v. Oddo,* No. 3:26-CV-00131, 2026 WL 1998487, at *4 (W.D. Pa. July 10, 2026) ("Respondents emphasize that Petitioner received a bond hearing. While true, it does not resolve the present claim. The April 2026 bond hearing was an ordinary Section 1226(a) hearing at which Petitioner bore the burden. Petitioner has never received a hearing at which the Government had to prove that continued detention is necessary."). As such, the fact that Petitioner received a bond hearing a few months ago does not weigh on the Court's analysis here.

factors here as well to determine whether Petitioner's continued detention has become unreasonable.

"Reasonableness is a 'highly fact-specific' inquiry." *See German Santos v. Warden Pike Cnty. Com Fac.*, 965 F.3d 203, 210 (3d Cir. 2020) (quoting *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015)). As such, District Courts in the Third Circuit are to apply "a nonexhaustive list of four factors…in assessing whether an alien's detention has grown unreasonable." *Id.* at 211. These four factors are: (1) duration of detention; (2) whether detention is likely to continue; (3) reasons for the delay; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment. *Id.*

**i. Duration of Detention**

When considering whether detention has become unreasonable, "[t]he most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)). Although the Supreme Court's decision in *Jennings* "foreclosed reading the statutory text as guaranteeing periodic bond hearings," *German Santos*, 965 F.3d at 210—an inquiry that begins and ends with the duration of detention—the operative, post *Jennings* framework applied in the Third Circuit utilizes the duration of the detention to establish a base level of concern before evaluating it "along with all other circumstances[.]" *Id.* at 211 (citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

Here, Petitioner has been detained for around 9 months. *See* ECF No. 14, p. 1. This duration is within the "six-month-to-one-year period that triggered a bond hearing in *Chavez-Alvarez* [*v. Warden York County Prison*, 783 F.3d 469, 477 (3d Cir. 2015)]" and is akin to the detention period

that triggered a second bond hearing in *Niangane.* 2026 WL 2280905, at *3 ("While [*Chavez-Alvarez* and other cases] do not establish a fixed six-month rule here, they confirm that Petitioner's nine-month detention is sufficiently lengthy to weigh in favor of relief."). Therefore, the duration of Petitioner's detention weighs in his favor.

**ii. Likelihood of Continued Detention**

When evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos,* 965 F.3d at 211. Here, Petitioner's appeal to the Board of Immigration Appeals is still pending, and as stated by Respondents, the average processing time of such an appeal could extend until November 2026. *See* ECF No. 14, p. 2; ECF No. 15, p. 2. Petitioner has also indicated his intention to file "a petition for review in the Third Circuit" following an adverse ruling. *See* ECF No. 15, p. 3. "That too would add months more in [detention]. So the likelihood that his detention will continue strongly supports a finding of unreasonableness." *German Santos*, 965 F.3d at 212 (concluding that this factor weighed in the petitioner's favor where he was awaiting BIA decision and potential Third Circuit review). As such, this factor weighs in favor of Petitioner as well.

**iii. Reasons for Delay**

In assessing the impact of the reasons for delay upon the reasonableness of detention, a petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *German Santos*, 965 F.3d at 212. But, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop*, 656 F.3d at 234). Here, both parties agree that any delay is "attributable to the normal workings of the process" and "the Board's own docket," so the Court finds that this factor does not favor either party. *See* ECF No. 14, p. 2–3; ECF No. 15, p. 4–5.

**iv. Conditions of Confinement**

When assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez*, 783 F.3d at 478). Although the parties have not submitted evidence concerning Petitioner's specific conditions of confinement, it is undisputed that Petitioner is detained at the Moshannon Valley Processing Center ("MVPC"). Further, a court in this District previously recognized that conditions at MVPC may resemble prison-like confinement. *See, e.g., C.B. v. Oddo*, No. 3:25-cv-00263, 2025 WL 2977870, at *7 (W.D. Pa. Oct. 22, 2025). And, as with any civil immigration detention, Petitioner is not free to leave. *See Fadel*, 2026 WL 1649901, at *4. Thus, in the absence of a more developed record, this factor weighs at least somewhat in Petitioner's favor.[4]

**v. Balance of Factors**

Therefore, because the duration of Petitioner's detention, the likelihood of continued detention, and the conditions of confinement weigh in Petitioner's favor, while the reasons for delay remain neutral, the Court finds, based upon the specific facts before it and underneath the standard set in *German Santos*, that Petitioner's detention has become unreasonable.

**III. Remedy**

Petitioner has requested that the Court "find [his] continued detention unconstitutionally prolonged under the Fifth Amendment and order [his] release from custody under reasonable conditions of supervision, together with any further relief this Court deems just and proper." ECF No. 15, p. 9. Yet Petitioner may only appropriately be afforded a constitutionally adequate bond hearing before an Immigration Judge.

[4] The Court notes that, even if it were to hold this factor neutral, Petitioner would still be entitled to a bond hearing as the first and second factors weigh in Petitioner's favor.

The *Davis* Court enunciated the principle well when it remarked that "[t]he only remedy for an alien challenging [his] mandatory detention is a bond hearing." *Davis v. Warden Pike County Correctional Facility*, No. 4:22-cv-20, 2022 WL 4391686, at * 4 (M.D. Pa. Aug. 18, 2022). Indeed, when the Third Circuit has been faced with the very issue before this Court—whether an alien detainee's detention has become unreasonable and thus violative of the Due Process Clause—and found that the detention in question had become unreasonably prolonged, the Third Circuit has consistently required the District Court to order a bond hearing—not the detainee's release. *See German Santos*, 965 F.3d at 210, 214 ("[W]hen detention becomes unreasonable, the Due Process Clause demands *a bond hearing*.") (quoting *Diop*, 656 F.3d at 233).

Numerous District Courts in this Circuit have likewise followed suit and found that a bond hearing, rather than release, is the appropriate remedy in such instances. *See e.g., A.L. v. Oddo,* 761 F.Supp.3d 822, 826–27 (W.D. Pa. 2025) (Haines, J.); *Shonhai v. Lowe*, No. 3:24-cv-229, 2025 WL 510975, at *7 (M.D. Pa. Feb. 14, 2025); *Abioye v. Oddo*, 704 F.Supp.3d 625, 632 (W.D. Pa. 2023); *Nyamekye v.* Oddo, No. 22-cv-240J, 2023 WL 9271844, at *5 (W.D. Pa. Mar. 28, 2023) *R&R adopted by Nyamekye v. Oddo*, No. 3:22-cv-240, 2023 WL 9271879, at *2–3 (W.D. Pa. May 4, 2023) (Haines, J.); *Smith v. Ogle*, No. 3:21-cv-1129, 2023 WL 3369154, at *8 (M.D. Pa. Jan. 3, 2023) *R&R adopted by Smith v. Ogle*, No. 3:21-cv-1129, 2023 WL 33692597 at *5 (M.D. Pa. Jan. 3, 2023); *Malede v. Lowe*, No. 1:22-cv-1031, 2022 WL 3084304, at *7 (M.D. Pa. Aug. 3, 2022). Further, in such instances, "the proper remedy" is "for the court to order a bond hearing before an *immigration judge*." *Ema v. Wilkinson*, No. 1:21-cv-172, 2021 WL 3878289, at *2 n.2 (M.D. Pa. Mar. 17, 2021) (citing *German Santos*, 965 F.3d at 214; *Clarke v. Doll*, 481 F.Supp.3d 394, 398 (M.D. Pa. Aug. 24, 2020)).

Therefore, the only relief that the Court may appropriately afford Petitioner at this time is a constitutionally adequate bond hearing before an Immigration Judge.

**IV. Conclusion**

As three out of four factors weigh in Petitioner's favor, the Court finds that Petitioner's detention under § 1226(a) has become unreasonable. "He is thus entitled to a bond hearing to gauge whether he still needs to be detained to keep him from fleeing or committing more crimes." *German Santos*, 965 F.3d at 213. "To justify [Petitioner's] continued detention," "the Government must put forth clear and convincing evidence" to "support a finding that continued detention is needed to prevent him from fleeing or harming the community[.]" *Id.* at 213–14 (citing *Chavez-Alvarez*, 783 F.3d at 477–78). "If [the Government] cannot, it must release him." *Id.*

Therefore, for the reasons set forth herein, the Court will **GRANT** Petitioner's Habeas Petition, ECF No. 4, in so much as it requests that this Court direct that he be afforded a constitutionally adequate bond hearing before an Immigration Judge and will **DENY** Petitioner's Habeas Petition, ECF No. 4, in all other respects. This Court will also direct Respondents to provide Petitioner a constitutionally adequate bond hearing before an Immigration Judge within thirty (30) days of the entry of this Court's Opinion and Order. *See German Santos*, 965 F.3d at 214.

An appropriate Order follows.

**<u>ORDER</u>**

**AND NOW**, this 18th day of August 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. Petitioner's Habeas Petition is **GRANTED** in so much as it requests that this Court Order that he be afforded a constitutionally adequate bond hearing before an Immigration Judge.
2. Respondents shall provide Petitioner a constitutionally adequate bond hearing before an Immigration Judge within thirty (30) days of the entry of this Order.
3. Petitioner's Habeas Petition, ECF No. 4, is **DENIED** in all other respects.
4. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Court Judge